UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Natividad Silva,

    Plaintiff,

  v.                                       **ORDER**
                                              Civil No. 15-3356 ADM/TNL

United States of America,

    Defendant.

_____

Natividad Silva, *Pro Se*.
_____

      This matter is before the undersigned United States District Judge for a ruling on Plaintiff Natividad Silva's ("Silva") Objections to Findings and Recommendations of Magistrate Judge [Docket No. 5] ("Objection") to Magistrate Judge Tony N. Leung's September 4, 2015 Order [Docket No. 4]. In the Order, Judge Leung denied Silva's Application to Proceed *In Forma Pauperis* [Docket No. 2] under 28 U.S.C. § 1915(b) because Silva, while in federal custody, had three or more civil actions dismissed for failure to state a claim upon which relief could be granted and Silva did not sufficiently demonstrate that he was facing imminent danger of serious physical injury. Ord. Judge Leung concluded that Silva must pay the full filing fee or risk dismissal of his action for failure to prosecute.

      Silva, a federal prisoner, seeks $32 million in damages for harm suffered as a result of defendant's alleged unlawful retaliation occasioned by Silva's attempts to exercise his constitutionally protected "right to 'court access.'" Compl. [Docket No. 1] 1. Succinctly, Silva alleges that he was unlawfully retaliated against and punished for filing complaints either through the Bureau of Prisons' Internal Affairs Office, in United States District Court, or to the United States Attorney's Office. Id.

      Silva did not pay the required filing fee, instead applying to proceed *In Forma Pauperis*

("IFP"). Judge Leung denied Silva's IFP application under 28 U.S.C. § 1915(g), which states:

> [i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Silva objects to Judge Leung's Order on two major grounds.[1] First, Silva objects to Judge Leung's conclusion that Silva has filed at least three civil actions for purposes of 28 U.S.C. § 1915(g). Second, Silva objects to the conclusion that because he is not under imminent danger of serious physical injury, he is not exempt from the "three strikes" prohibition of § 1915(g).

Federal Rule of Civil Procedure 72 grants litigants the opportunity to timely object to a Magistrate Judge's order. Fed. R. Civ. P. 72. As Judge Leung correctly noted, Silva is a litigant who has already been adjudged to have three strikes under § 1915(g). See e.g., Silva v. Bureau of Prisons, No. 10-168, 2010 WL 809600, at *1 (N.D. Tex. Mar. 8, 2010) ("Plaintiff's current filing falls under the PLRA 'three-strikes' provision because he has had at least three prisoner civil actions or appeals dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted."). Silva is thus subject to § 1915(g)'s prohibition.

Silva's Objection with respect to imminent danger is also without merit. As Judge Leung correctly noted, Silva's Complaint does not allege any facts demonstrating he is at risk of imminent physical harm. His Objection similarly lacks any factual basis to conclude Silva meets

---

[1] Silva also objects to Judge Leung's statement that the Complaint seeks relief for the "alleged violation of constitutional rights," arguing that the Complaint is instead brought under the Federal Tort Claims Act. This objection has no merit and will not be discussed.

2

the imminent physical risk standard to escape the three-strikes rule of § 1915(g).  Silva thus must pay the full filing fee or this action will be dismissed for failure to prosecute.

**IT IS HEREBY ORDERED** that Natividad Silva's Objections to Findings and Recommendations of Magistrate Judge [Docket No. 5] to Magistrate Judge Tony N. Leung's Order [Docket No. 4] is **OVERRULED**.  Silva must pay the $400 filing fee for this action by no later than November 13, 2015.  If Silva fails to pay the $400 filing fee by November 13, 2015, this action will be dismissed without prejudice for failure to prosecute.

BY THE COURT:


　　　s/Ann D. Montgomery　　
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  October 29, 2015.